UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAURA CLAYTON KLEINPETER          CIVIL ACTION

VERSUS

THE LOUISIANA STATE BOARD OF
MEDICAL EXAMINERS                 NO. 11-175-RET

## NOTICE TO COUNSEL

On April 19, 2011, the defendant, The Louisiana State Board of Medical Examiners, filed a Motion to Dismiss Plaintiff's claims. On May 13, 2011, Plaintiff filed opposition. The Motion was heard before the Court on May 18, 2011. During the hearing, the Court dismissed Plaintiff's Health Insurance Portability and Accountability Act ("HIPAA") claim, noting that Defendant had abandoned the claim[1] and that HIPAA does not create a private right of action.[2] The Court also questioned whether Plaintiff's ADA claim was justiciable. Before proceeding any further, the

---

[1] **Hospitality House, Inc. v. Gilbert**, 298 F.3d 424, 434 n. 12 (5th Cir. 2002) (holding that Plaintiffs' § 1983 claim was abandoned where Plaintiffs made clear representations to the district court that they were not alleging any violations of federal rights); see also **Mitchell v. Snow**, 326 Fed. Appx. 852, 854 n. 2 (5th Cir.2009) (holding that plaintiff's claims were waived where she withdrew them in her response to the defendant's motion for summary judgment); **Watkins v. Paulsen**, 332 Fed. Appx. 958, 959 n.2 (5th Cir.2009) (same); **Black v. N. Panola Sch. Dist.**, 461 F.3d 584, 588 n. 1 (5th Cir.2006)(finding that plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in her response to motion to dismiss).

[2] **Acara v. Banks**, 470 F. 3d 569,571 (5th Cir. 2006). (holding that HIPAA did not create private right of action in patient's favor for doctor's alleged violation of confidentiality provisions of the Act in disclosing patient's medical information during a deposition without her consent. Congress, by limiting enforcement to the Secretary of Health and Human Services, provided strong indication that it did not intend to create private right of action).

Doc#1945

Court directs the parties to address the issues contained herein.

## BACKGROUND

Plaintiff is a graduate of the Louisiana State University Health and Sciences Center in Shreveport ("LSUHSCS"). While attending LSUHSCS, she was diagnosed with narcolepsy and, as a result, repeated her third and fourth years of medical school. Upon graduation, she was admitted into the residency program for Pediatrics at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge. On June 2, 2010, she submitted an application to the Louisiana Board of Medical Examiners ("Board") for an internship registration. As part of the application process, Plaintiff was required to execute a "Third Party Authorization," which authorized the Board to contact each physician or other health care practitioner with whom she had consulted. The application form also required the plaintiff to provide an answer to the following question:

1. In the 5 years prior to this application have you had any physical injury or disease or mental illness or impairment which could reasonably be expected to affect your ability to practice medicine or other health profession?

Plaintiff answered "Yes" to the question and was subsequently contacted by Cecilia Mouton, Director of Investigations for the Board.

On October 26, 2010, Plaintiff and her counsel met at the office of the Board. Plaintiff alleges that during the meeting, Mouton stated that Plaintiff might be required to subject herself to examination by a doctor of Mouton's selection and to

an overnight sleep study. At the conclusion of the meting, Mouton indicated that she would extend the temporary permit issued by the Board so that Plaintiff could continue to be involved in the OLOL residency program through December 31, 2010.

Plaintiff alleges that Mouton contacted her supervisors at OLOL in November 2010, and that Mouton disclosed confidential and privileged medical information to them during this conversation.

On December 1, 2010, Mouton forwarded a letter to Plaintiff advising her that she was requiring, as a condition to the consideration of Plaintiff's application, that Plaintiff be examined by Dr. Pitor Olejniczak. Mouton further advised Plaintiff that she would be required to undergo any testing that may be recommended by Dr. Olejnicak and that she would be responsible for all costs incurred during the evaluation.

On December 30, 2010, Plaintiff was notified that her permit would be extended through January 31, 2011. During this time, Plaintiff contacted Dr. Olejniczak's office and scheduled an appointment on March 3, 2011. Plaintiff alleges that she attempted to contact the Board at the end of January 2011 to request that her permit be extended. It is unclear whether her permit lapsed, but Plaintiff alleges that she was later advised that her medical permit had been extended through April 30, 2011. Around February 17, 2011, Mouton allegedly issued and served a subpoena on OLOL demanding the production of "all complaints, evaluations of performance, reports (including consultants' reports),

minutes on any meetings and/or discussions and correspondence to, from or regarding [Plaintiff]." Plaintiff cancelled her appointment with Dr. Olejniczak and filed suit in the 19th Judicial District Court, Baton Rouge, Louisiana, on March 3, 2011. The Board had this matter removed to federal court on March 22, 2011.

## APPLICABLE LAW

Federal courts cannot consider the merits of a case unless it "presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201."[3] The many doctrines that have fleshed out the "case or controversy" requirement-standing, mootness, ripeness, political question, and the like-are "founded in concern about the proper-and properly limited-role of the courts in a democratic society."[4] These "doctrines state fundamental limits on federal judicial power in our system of government."[5]

"Justiciability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention."[6] The "essence" of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."[7] In order to have standing, "a plaintiff must show: (1)

---

[3] **Steffel v. Thompson**, 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974).

[4] **Allen v. Wright**, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (quoting **Warth v. Seldin**, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)).

[5] **Id.**

[6] **Renne v. Geary**, 501 U.S. 312, 320, 111 S.Ct. 2331, 2338, 115 L.Ed.2d 288 (1991); see also **LeClerc v. Webb**, 419 F.3d 405, 413 (5th Cir.2005).

[7] **Warth**, 422 U.S. at 498, 95 S.Ct. at 2205.

it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury."[8] An injury in fact is an invasion of a legally protected interest which is "actual or imminent, not conjectural or hypothetical."[9]

The standing question "bears close affinity to questions of ripeness-whether the harm asserted has matured sufficiently to warrant judicial intervention."[10] "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."[11] Ripeness often overlaps with standing, "most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical."[12] As with standing, the plaintiff bears the burden of establishing ripeness.[13]

## ISSUES

Plaintiff has not yet established that her ADA claims are ripe for adjudication or that she has standing to assert her ADA claims. To that end, the Court requests that the parties specifically address: (1) whether Plaintiff's failure to appear and

---

[8] **Houston Chronicle Publ'g Co. v. City of League City, Tex.**, 488 F.3d 613, 617 (5th Cir.2007) (citation omitted).

[9] **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

[10] **Warth**, 422 U.S. at 499 n. 10, 95 S.Ct. at 2205.

[11] **Monk v. Huston**, 340 F.3d 279, 282 (5th Cir.2003) (quoting **New Orleans Pub. Serv., Inc. v. Council of New Orleans**, 833 F.2d 583, 586 (5th Cir.1987)).

[12] **Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.**, 462 F.3d 219, 225 (2nd Cir.2006).

[13] **FW/PBS, Inc. v. Dallas**, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990).

subject herself to evaluation by Dr. Olejniczak caused the Board to halt consideration of Plaintiff's application; (2) whether Plaintiff's permit expired between January and February 2011; and (3) whether the permit Plaintiff received differed from those other applicants received.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the parties file briefs directed to the foregoing issues within 10 days from the date of this Ruling.

Baton Rouge, Louisiana, this 19th day of May, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA